# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

PATRICIA L. HUNT,

                                    Plaintiff,

    v.

                                    1:13-CV-1493

CONROY, SIMBERG, GANNON,                  (TJM/ATB)
DREVANS, ABEL, LURVEY, MORROW,
SCHEFER, et al.,

                                    Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

PATRICIA L. HUNT
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Patricia L. Hunt. (Dkt. Nos. 1, 2).

### I. **IFP Application**

A review of plaintiff's IFP application shows that he declares she is unable to pay the filing fee. (Dkt. No. 2). Although the court is somewhat skeptical about plaintiff's answers,[1] this court will find for purposes of this order and report-recommendation that plaintiff is financially eligible for IFP status.

---

[1] The plaintiff's IFP application indicates that she has absolutely no income from any sources, and has only one bank account with $14.00 in it. (Dkt. No. 2). Plaintiff does not answer the question about whether she has housing, transportation, utilities, or other regular monthly expenses. She answers the question by writing the word: "Indigent." (Dkt. No. 2 at 2). It is unclear how plaintiff lives with no money or income at all, even from public assistance sources. Because I am recommending dismissal, I will find that plaintiff meets the requirements of IFP status for purposes of this Order and Report-Recommendation without having plaintiff resubmit a properly completed form.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. **Complaint**

In a lengthy and somewhat vague complaint, plaintiff seems to allege that she, and perhaps others, have had their personal information revealed to the public in violation of "numerous federal and state laws," including the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; the Family Educational Rights and Privacy Act ("FERPA"),[2] 20 U.S.C. § 1232g; and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"),[3] 42 U.S.C. § 1320 et seq. (Compl. ¶ 1) (Dkt. No. 1). Plaintiff states that there are "possible other US violations." (*Id.*) In the body of the complaint, plaintiff also raises some New York State Law claims as discussed below.

As defendants, the caption of the complaint lists "Conroy, Simberg, Gannon, Drevans, Abel, Lurvey, Morrow & Schefer ("the Firm") and "any and all parties from this law firm P.A."[4] and then separately lists an individual from the Firm. (Compl.) The individual is David Rothenburg ("Rothenburg"). The introductory paragraph of

---

[2] The court assumes that plaintiff means to cite this statute because the complaint lists only the acronym, "FERPA."

[3] The court assumes that plaintiff means to cite this statute based upon the facts she states, because the complaint lists "HIPPA." The proper acronym is "HIPAA."

[4] Plaintiff does not indicate what the initials P.A. mean.

3

the complaint also states that plaintiff is suing those individuals from the Firm who "represent Ross Dress for Less Stores, Corp. in California, Virginia et al Inc." and "all parties connected to Ross Dress for Less, Inc. Stores, LLC etc all parties." (Compl. at p.1). The plaintiff purports to represent herself, Family Hunt, "individually and on behalf of all others similarly situated." (*Id.*)

The first four paragraphs of the complaint state that, beginning in July of 2009, and continuing until the present, defendant Rothenburg released plaintiff's records, including social security number, medical records, and school records, to "third parties" who apparently had something to do with Ross Dress for Less Stores. (Compl. ¶¶ 2-4). Plaintiff then complains that Clerk of Court Civil Manager, Linda Beckford and "newly appointed manager Appellate Sheila Yarbourgh" denied "public court access to court files violating 5 USCA 522 [sic]."[5] (Compl. ¶ 5). Plaintiff alleges that pro se litigants have been denied access to their records, and this conduct has "severally obstructed justice in two of her court cases . . . ."[6] (Compl. ¶ 7).

Plaintiff alleges that the defendants' conduct constitutes flagrant disregard of plaintiff's and other individuals' rights, "both as to privacy and property," and has left

---

[5] The court assumes that plaintiff is attempting to cite the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., because the number she has cited (522) does not exist.

[6] Neither Linda Beckford, nor any other court employee is a named defendant in this case. The court assumes that Linda Beckford is a Clerk in the Southern District of Florida, where plaintiff has brought other law suits. *See Hunt v. Key Bank, USA*, No. 2;09-CV-14093 (S.D. Fla.); *Hunt v. Metz*, No. 2:12-CV-14461 (S.D. Fla.); *Hunt v. ACCSCT in Virginia, et al.*, No. 2:12-CV-14460 (S.D. Fla.); *Hunt v. Key Bank Int'l, et al.*, No. 2:10-CV-14111 (S.D. Fla.).

4

her vulnerable to identity theft.[7] The complaint contains five "counts." (Compl. ¶¶ 31-63). Under "Count I," plaintiff alleges "willful" violations of FRCA, claims that the defendants are "Consumer Reporting Agencies" under FRCA, and that defendants are required to adopt and maintain procedures to limit the dissemination of consumer credit, personal and other information. Plaintiff alleges that as a result of defendants' actions, her "Numbers" were made accessible to "third parties in the public domain and compromised." (Compl. ¶¶ 31-39). "Count II" alleges negligent violations of FRCA. (Compl. ¶¶ 40-44).

In "Count III," plaintiff alleges violations of the New York Consumer Fraud and Deceptive Businesses Act "and similar US Federal Laws. (Compl. ¶¶ 46-51). "Count IV" alleges negligence. Plaintiff claims that defendants owed plaintiff a duty to safeguard and protect her personal information, and that defendants breached that duty "with both public buildings." (Compl. ¶¶ 52-57). Finally, "Count V" alleges invasion of privacy by public disclosure of private facts. (Compl. ¶¶ 58-63).

## III. Venue

Venue in civil actions in federal court is governed by 28 U.S.C. § 1391(b) which provides that

> A civil action may be brought in –
>   (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
>   (2) a judicial district in which a substantial part of the

---

[7] The complaint contains a long recitation of the elements of the crime of Identity Theft, including statistics from an "Identity Fraud Report." (Compl. ¶¶ 20-26).

> events or omissions giving rise to the claim occurred, . . . or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, No. 12-929, __ S. Ct. __, 2013 WL 6231157, at *6 (U.S. Dec. 3, 2013).

In this case, all defendants reside in the Southern District of Florida, and all the acts or omissions alleged by plaintiff occurred in Florida. Although it is unclear, plaintiff may believe that venue is proper in the Northern District of New York because someone in her family lives or lived in this district. However, the venue statute does not refer to where any ***plaintiff*** resides. The statute refers to the district where the ***defendants*** reside if they all reside in the same state in which the district is located, or to a district where a substantial part of the acts or omissions that form the basis for the complaint occurred. 28 U.S.C. § 1391(b)(1), (b)(2).

All of plaintiff's claims involve the defendants allegedly revealing plaintiff's personal information during the course of a law suit or law suits in Florida. There is no indication that any conduct occurred in the Northern District of New York, or that the defendant Firm has any connection to New York in any way relevant to the conduct being alleged, notwithstanding that plaintiff has given the Clerk's Office two addresses, one in New York and the other in Florida. As stated above, the plaintiff's residence, wherever it may be, is not relevant for purposes of the venue statute.[8] *See*

---

[8] The court notes that in the "Jurisdiction and Venue" section of the complaint, plaintiff seems to be attempting to assert that, in addition to federal question jurisdiction based on the federal statutes

*Rose v. Myers*, No. 3:13-CV-419, 2013 WL 6073627, at *1 (D. Conn. Nov. 18, 2013) (venue improper in Connecticut when plaintiff was a Connecticut resident, but none of the defendants resided in Connecticut, and the facts which formed the basis of plaintiff's complaint occurred in New Jersey). The complaint in this case contains allegations that have no reasonable relationship to this district. No matter how liberally[9] this court construes the complaint, venue is not proper in the Northern District of New York.

When a case is filed in a district in which venue is improper, the court shall dismiss the case, or "if it be in the interests of justice, transfer the case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer is discretionary. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion "except in ***extraordinary circumstances***." *Stich v. Rehnquist*,

---

cited, the court has diversity jurisdiction, because someone in her family lives in New York, while the defendants do not. (Compl. ¶ 16). Although plaintiff has two bases for subject matter jurisdiction, she does not indicate how venue is proper in the Northern District of New York. Jurisdiction and venue are two different concepts. Subject matter jurisdiction determines whether you can bring a case in federal court at all, and venue determines which federal court is the appropriate place to bring the action. Plaintiff would have had subject matter jurisdiction based upon her assertion of federal statutes as a basis for her action under 28 U.S.C. § 1331 (federal question jurisdiction). She did not need to assert diversity jurisdiction under 28 U.S.C. § 1332. In any event, plaintiff does not have diversity jurisdiction because even if the court could consider someone in plaintiff's family as a plaintiff (which it cannot without amending the complaint to add that person), diversity jurisdiction requires complete diversity, and plaintiff lives in the state where the defendants reside. *See St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (diversity is not complete if any plaintiff is a citizen of the same state as any defendant). Complete diversity must exist at the time the action is commenced. *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).

[9] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (it is well-settled that the court must read pro se pleadings to raise the strongest arguments they suggest).

7

982 F.2d 88, 89 (2d Cir. 1992) (emphasis added). Extraordinary circumstances may exist when the plaintiff is a vexatious litigant. *Id.* This court finds, as discussed below, that this plaintiff's case presents sufficient extraordinary circumstances, justifying *sua sponte* dismissal because the action is frivolous.

## IV.    Class Action

Plaintiff purports to bring this complaint as a class action on behalf of herself, her family, and "on behalf of all others similarly situated." (Compl. at p.1). Class actions are governed by Fed. R. Civ. P. 23. In order to certify a class, the district court must determine through a "rigorous analysis" that all the requirements of Rule 23 have been met. *In re Initial Public Offerings Sec.*, 471 F.3d 24, 40 (2d Cir. 2006).

In order to qualify as a class action, the class must satisfy the four prerequisites under Rule 23(a) and also fall within one of the categories in Rule 23(b). Rule 23(a) prerequisites are that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The Supreme Court has stated that Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2550 (2011).

Plaintiff in this case has parroted some of the words contained in Rule 23, but there is absolutely no indication who the other parties might be, what defendants may

have done to them, or how the plaintiff might be aware of them. In parts of the complaint, plaintiff mentions her "family," without articulating which members of her family were affected by defendants' actions or how they were affected by defendants' alleged conduct.[10] Plaintiff also states that she "and other parties which [sic] may be added in at a later date" had their private information improperly released. (Compl. ¶ 1). In the body of the complaint, plaintiff states that "the rights of Plaintiff and family were violated in a virtually identical manner," and that "defendants have acted or refused to act on grounds generally applicable to Hunt and family, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole." (Compl. ¶¶ 27-30).

It is unclear who plaintiff believes constitutes the alleged class, and plaintiff may be attempting to assert a "class" on behalf of her and her "family." None of plaintiff's allegations make sense in this regard. More importantly, however, it is well-settled that a pro se plaintiff may *not* conduct a class action because he or she cannot meet the requirement of adequate representation of the class under Rule 23. *See Nwanze v. Philip Morris, Inc.*, 100 F. Supp. 2d 215, 218 n.3 (S.D.N.Y. 2000) (citations omitted). Thus, plaintiff would not be able to bring this as a class action, whether the complaint could proceed in this district or in any other district, and she may only pursue any claims on her own behalf.[11]

---

[10] As plaintiffs, the caption of the complaint lists "Ms. Patricia L. Hunt/Family Hunt, individually and on behalf of all others similarly situated."

[11] Plaintiff would also be prohibited from representing any other plaintiffs individually because she is not a licensed attorney. It is well-settled that a person who has not been admitted to

9

V.  **FCRA**

   A.  **Legal Standards**

The FCRA creates a private right of action against *credit reporting agencies* for the negligent or willful violation of any duty imposed under the statute. *Casella v. Equifax Credit Information Services*, 56 F.3d 469, 473 (2d Cir. 1995) (citing *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); 15 U.S.C. §§ 1681o, 1681n).

   B.  **Application**

In "Count I" of the complaint, plaintiff alleges violations of the FCRA. Plaintiff cites the section of the FCRA defining "consumer reporting agency" as an agency that either for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages "in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." (Compl. ¶ 33) (citing 15 U.S.C. § 1681a(f)).

Plaintiff claims that defendants are Consumer Reporting Agencies because they compiled plaintiff's personal information and distributed it to third parties "in connection with assessing eligibility for credit." (Compl. ¶ 35). Plaintiff's assertions in Count I do not in any way match the facts that plaintiff is alleging against these defendants. Plaintiff alleges that the defendants are a law firm and various attorneys who represented a client in a law suit in which plaintiff was a party. (Compl. at p.1 &

---

practice law may not represent anyone other than himself. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). *See also* 28 U.S.C. § 1654.

¶ 3). Plaintiff alleges that these attorneys somehow disclosed her personal information during the course of the law suit. There is no way that these facts can be interpreted to make defendants fit into the definition of Consumer Reporting Agencies. Plaintiff's assertion of a violation of FCRA, either willful or negligent, is frivolous under any interpretation of her complaint, and Counts I and II should be dismissed.

## VI. FERPA

### A. Legal Standards

Under FERPA, schools and educational agencies that receive federal financial assistance must comply with certain conditions. *Owasso Independent School Dist. No. I-011 v. Falvo*, 534 U.S. 426, 428 (2002) (citing 20 U.S.C. 1232(a)(3)).

### B. Application

Although plaintiff cites FERPA in the beginning of the complaint, there is no description of the defendants' alleged violation of this statute. Plaintiff has also failed to include any allegation under this statute in her "Counts." Although plaintiff cites a specific instance in which her Social Security number was disclosed, she never specifies to what educational records she is referring or how they were "disclosed." In any event, plaintiff cannot seriously contend that a law firm, representing a client in a legal action, fits into the definition of a school or educational agency, regardless of whether the law firm disclosed plaintiff's school records to any third party. Thus, any claim under FERPA is frivolous and should be dismissed.

## V. HIPAA

### A. Legal Standards

HIPAA requires *health care providers* to keep patient medical records confidential. *Rosado v. Herard*, No. 12 Civ. 8943, 2013 WL 6170631, at *3 (S.D.N.Y. Nov. 25, 2013) (Report-Rec.) (citing 42 U.S.C. § 1320 *et seq*.) However, courts have concluded "overwhelmingly" that a patient does not have a private right of action under HIPAA. *Id.* (citing *Mascetti v. Zozulin*, No. 3:09-CV-963, 2010 WL 1644572, at *4 (D. Conn. April 20, 2010); *Cassidy v. Nicolo*, No. 03 Civ. 6603, 2005 WL 3334523, at *5 (W.D.N.Y. Dec. 7, 2005) (collecting cases). *See also Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007) (enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services).

### B. Application

Plaintiff seems to claim that the law firm defendants disclosed medical information about plaintiff during the law suit. The court would first note that the law suit to which plaintiff refers was a "slip and fall" suit against a dress shop, and plaintiff was claiming that she was injured as a result of the fall. Although this court is not making any findings regarding any disclosure of medical information, the court would simply point out that bringing an action in which she claims medical damages puts her condition at issue. *See Roberites v. Huff*, No. 11-CV-521, 2013 WL 1337171, at *2 (W.D.N.Y. Feb. 26, 2013) (plaintiff placed his physical and mental condition at issue in the case by claiming injuries).

In any event, the law firm is certainly not a health care provider, and plaintiff

has no private right of action under HIPAA. Thus, the complaint may be dismissed insofar as it attempts to assert a HIPAA violation.

**VI.     New York Law Claims**

Plaintiff has asserted claims, purportedly under New York law. She asserts that defendants have violated the New York Consumer Fraud and Deceptive Businesses Act, that they have been negligent in failing to protect her private information, and that they have invaded her privacy by "public disclosure of private facts." (Counts III-V; Compl. ¶¶ 46-63). Claims under New York law may only be brought in federal court as claims that are supplemental to a federal claim or if plaintiff could establish diversity of citizenship.[12] *See* 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1367 (supplemental jurisdiction).

This court is recommending dismissal of all of plaintiff's alleged federal causes of action. Although dismissal of the supplemental state law claims (assuming the state law claims were truly supplemental), would not be mandatory, the usual case is that when all federal claims are eliminated prior to trial, the balance of factors weighs in favor of declining to exercise jurisdiction over the state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988). As further detailed below, this case is clearly one where the balance of factors would tip in favor of dismissing the state law claims.

---

[12] As discussed above, plaintiff cannot establish diversity of citizenship. The fact that someone in plaintiff's family lives or lived in New York does not create diversity jurisdiction, even if that person were a proper plaintiff because diversity must be complete. Since plaintiff and defendants reside in the same state, diversity jurisdiction does not exist, and plaintiff's New York state law claims could not proceed on that basis, even assuming that New York law would apply.

Plaintiff does not state a claim under any of the New York laws that she cites as bases for her case. New York does not recognize a common-law right to privacy. *Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 450 (S.D.N.Y. 2008); *Matthews v. Malkus*, 377 F. Supp. 2d 350, 359 (S.D.N.Y. 2005); *Thomas v. Northeast Theater Corp.*, 51 A.D.2d 588, 589 (1st Dep't 2008). New York has a statutory protection for "nonconsentual commercial appropriations of the name, portrait or picture of a living person." *Burck*, 571 F. Supp. 2d at 450-51 (citing N.Y. Civ. Rights Law §§ 50, 51). However, these statutes would not apply to the plaintiff's situation because the use of the individual's name, portrait, picture, or voice must be for purposes of "trade." N.Y. Civ. Rights Law § 51. There is no indication in any of plaintiff's factual statements that defendants were engaging in conduct for "trade," and any argument that pursuing a lawsuit is for "trade" purposes is frivolous. Thus, plaintiff does not state a claim under New York Law, even if that law were applicable.

A plaintiff bringing a deceptive acts and unlawful practices claim under New York General Business Law § 349[13] must establish that the defendant's act or practice was "consumer oriented." *Oswego Laborors' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). Once again, plaintiff has failed to state facts that the law firm's use of plaintiff's personal information was "consumer oriented" or how the law firm used "deceptive practices." Plaintiff does not state a claim under this section of New York Law.

---

[13] Plaintiff does not cite a specific statute. Thus, the court will assume that plaintiff is referring to this section of the New York General Business Law.

Finally, because there is no common law right to privacy, there is no indication that a law firm, representing the opposing party in plaintiff's Florida litigation had a "duty" to safeguard and protect plaintiff's private information. Plaintiff's state law claims are frivolous. Based on this court's findings that venue is improper, and plaintiff's claims are frivolous under any standard, the court will recommend dismissing the action, rather than transferring the case to the Southern District of Florida.

V.   **Opportunity to Amend**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile, and she would still be unable to state a federal claim or bring an action in this district.

The court would note that if plaintiff believes that the law firm or attorney representing the opposing party in a law suit had conducted the litigation in a manner that is improper and has revealed private information that should not have been revealed, plaintiff may apply to the court in which the action is pending for relief.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**

**WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) as frivolous and for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 11, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge