UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICIA L. HUNT,

                            Plaintiff,

    vs.                                          1:13-CV-1493

CONROY, SIMBERG, GANNON,
DREVANS, ABEL, LURVEY, MORROW,
SCHEFER, et al.,

                            Defendants.
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


**DECISION & ORDER**

**I.    REPORT AND RECOMMENDATION**

This *pro se* action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., the Family Education Rights and Privacy Act, 20 U.S.C. § 1232g, et seq., and the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320, et seq., was referred to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The Report-Recommendation dated December 11, 2013: granted Plaintiff's application to proceed *in forma pauperis* (Dkt. #2) for the purposes of filing only and recommended that Defendant's complaint (Dkt. #1) be dismissed without leave to amend.

No objections to the Report-Recommendation have been filed, despite an Order

1

from this Court, dated December 30, 2013, granting Plaintiff an additional thirty days to file objections. After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice. Accordingly, this Court adopts the Report-Recommendation for the reasons stated therein.

## II. PLAINTIFF'S ADDITIONAL MOTIONS

Plaintiff filed two additional motions before this Court while the Report and Recommendation was pending. In the interest of finally disposing of this matter, the Court will address each motion.

### A. Motion for Emergency Protective Order

On February 6, 2014, Plaintiff filed a "Motion for an Emergency Protective Order on the Lower Courts [sic] Video Surveillance Video for January 23, 2014." See Dkt. # 6. While not entirely clear in explaining her motion, Plaintiff appears to allege that officials at the Indian River County Court House in Florida have altered or destroyed documents related to a personal injury case in which she is involved. She contends that this alleged destruction of court records violates her federal constitutional rights. Plaintiff seeks an order from this Court directing officials in whose custody the surveillance video resides to preserve that video.

The Court will deny the motion without prejudice to Plaintiff seeking relief in the proper venue. This Court, which is located in the United States District Court for the Northern District of New York, lacks the authority to order a state court in Florida to take any action. See, e.g., State of Georgia v. Pennsylvania R. Co., 324 U.S. 439, 467-68 (1945) ("Under the general provisions of law, a United States District Court cannot issue

process beyond the limits of the district."); Primos Chemical Co. v. Fulton Steel Corporation, 254 F. 454, 458 (2d Cir. 1918) (District Court judges are not permitted to "exercise their judicial powers and functions outside their respective districts, except in those cases specifically provided for by acts of Congress[.]").  Because the Court cannot issue an order to a Florida state court compelling any action, the Plaintiff's motion is denied.

### B. Motion for a Writ of Mandamus

Plaintiff also filed a Motion for Writ of Mandamus seeking access to public court records and Florida corporate records.  See Dkt. # 7.  Plaintiff contends that court personnel in Florida's Indian River County have threatened her and obstructed her access to court records.  By blocking her access to the courts in Florida, Plaintiff alleges, officials at that courthouse have violated her rights under both the United States and Florida Constitutions.  She seeks an immediate writ of mandamus "for access to her public court records at Indian River County Court House and records from the Florida Division of Corporation."  Requests for this information have been pending for well over a year and court officials have taken no action.

Federal law provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a). Such action "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'"  Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004) (quoting Ex Parte Fahey, 332 U.S. 258, 259-60 (1947)).  The writ of mandamus "'has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed

jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Kerr v. United States District court for the Northern Dist. of CA., 426 U.S. , 402 (1976) (quoting Will v. United States, 389 U.S. 90, 95 (1967)). Courts maintain that "'only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy.'" Id. (quoting Will, 389 U.S. at 95).

Plaintiff cannot obtain the mandamus relief she seeks because this Court has no authority to compel a court or agency in Florida to turn over documents. Beyond the territorial limitations expressed above, those Florida bodies are not "inferior courts" with respect to this Court. As such, the Court cannot compel these Florida agencies to do anything. The Court will likewise deny this motion without prejudice to Plaintiff filing the motion in a more appropriate venue.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation and dismisses the Plaintiff's Complaint (Dkt. #1) without leave to amend. The Court also DENIES Plaintiff's Motion for an Emergency Protective Order (Dkt. # 6) and Motion for a Writ of Mandamus (Dkt. #7).

**IT IS SO ORDERED**.

Dated: April 15, 2014

Thomas J. McAvoy
Senior, U.S. District Judge